IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:20-cr-242-S |
| | § | |
| JAMES WADE KING, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant James King filed a Motion to Reconsider Detention and Grant Pretrial Release. Mot. (ECF No. 16). For the following reasons, the Motion should be DENIED.

## Background

King is charged in an indictment with one count of Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Ind. (ECF No. 1). He has been in custody since his arrest on June 12, 2020. The government filed a motion for pretrial detention, Mot. Detention (ECF No. 4), and the undersigned magistrate judge ordered him detained, after a hearing, on June 17, 2020. Order (ECF No. 13). King's trial is currently set for January 25, 2021. Ord. (ECF No. 15).

On June 17, 2020, the magistrate judge found King must be detained pending trial because the government carried its burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community if he were to be released. Ord. 2. Specifically, the magistrate judge found detention was warranted

because King is subject to a lengthy period of incarceration if he is convicted; he has a prior criminal history; he participated in criminal activity while on bond; he has a history of substance abuse; and he lacks stable employment. *Id.*

The magistrate judge relied on evidence proffered at the detention hearing that the charged offense is alleged to have occurred in February 2020, when King was on bond for a state drug felony. *Id.* 3. He was arrested on related state charges and released on bond in March 2020. *Id.* When he was arrested on the federal charge on June 12, 2020, he was in possession of methamphetamine. *Id.* Additionally, evidence on his phone revealed that while he was on release he attempted to broker drug transactions for his family members. *Id.* Thus, the magistrate judge concluded that King ignored and failed to comply with conditions of release by engaging in criminal conduct while on bond. *Id.*

Two and a half months later, on August 31, 2020, King filed his Motion to Reconsider Detention and Grant Pretrial Release. As grounds for his Motion, King states that the circumstances that existed when he was ordered detained have changed in that "the coronavirus pandemic has spread" and that the "direct risk" to King "is far greater if he continues to be detained during this public health crisis." Mot. 1. He states that he was recovering from hernia surgery when he was initially detained. *Id.* 2. He further states that he was placed in a cell with an inmate who tested positive for coronavirus and, shortly thereafter, he "began to feel unwell." *Id.* On September 1, 2020, King filed an addendum to his Motion advising the Court that "as of September 1, 2020, he has tested positive for the coronavirus."

Add. (ECF No. 18). He asks the Court to reconsider the order of detention and release him on conditions pending trial. *Id.* He states that he is willing to submit to home confinement and to wear an electronic leg monitor. *Id.* He further states that his daughter-in-law, a homemaker who lives across the street from King and can "keep a constant eye on him," is willing to serve as a third-party custodian. *Id.*

The government did not file a response to the Motion, but the certificate of conference indicates the government is opposed to the relief sought. *Id.* 4.

## Legal Standards and Analysis

Under the Bail Reform Act, a defendant may seek reconsideration of a detention order by filing either a motion to reopen under 18 U.S.C. § 3142(f) or a motion for revocation of a detention order under § 3145(b). *United States v. Posada Carriles*, 481 F.Supp.2d 792, 795 (W.D. Tex. 2007) (citations omitted).

Section 3142(f)(2)(B) gives the trial court discretion to reopen a detention hearing:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Fifth Circuit has interpreted this standard as requiring "new" information. *U.S. v. Stanford*, 367 Fed. App'x 507, 509-10 (5th Cir. Feb. 17, 2010) (per curiam) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). New and material

information for purposes of § 3142(f)(2)(B) consists of "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. *U.S. v. Jerdine*, 2009 WL 4906564 (N.D. Ohio Dec. 18, 2009) (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new) (citing, in part, *Hare*, 873 F.2d at 799); *c.f. U.S. v. Rodriguez-Adorno*, 606 F.Supp.2d 232, 238-239 (D.P.R. 2009) (also citing *Hare*). In addition, conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable. *See U.S. v. Stanford*, 341 Fed. App'x 979, 984 (5th Cir. Aug. 24, 2000).

Section 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . ., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). When reviewing on a motion to revoke or amend a magistrate judge's detention order under § 3145(b), a district court "acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992) (citing *Fortna*, 769 F.2d at 249). In the context of a challenge to an order by a magistrate judge in the arresting district, the presiding district judge may refer the review to a magistrate judge in his or her district for report and recommendation—as the district judge did in this case. *See United States v. Cooper*, 2018 WL 1916983, at

4

\*19 (N.D. Tex. Apr. 2, 2018) (quoting *United States v. Ross*, No. 1:05-CR-160, 2007 WL 1295995, \*2 (W.D. Mich. Apr. 6, 2007)), *rec. adopted*, 2018 WL 1912708 (N.D. Tex. Apr. 23, 2018).

Here, King brings his motion under § 3145(b). But under § 3145(b), a defendant must seek review of a magistrate judge's detention order within fourteen days as prescribed by Fed. R. Crim. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *See, e.g., United States v. Parrish*, 2020 WL 5922044, at \*4 (N.D. Tex. May 20, 2020), *rec. adopted*, 2020 WL 4344850 (N.D. Tex. July 29, 2020) (citing cases); *United States v. Bishop*, 2020 WL 3442058, at \*2 (N.D. Tex. June 5, 2020), *rec. adopted*, 2020 WL 3440890 (N.D. Tex. June 23, 2020); *United States v. Pineda-Diaz*, 2020 WL 2747421, at \*1 (N.D. Tex. May 26, 2020). The magistrate judge ordered King detained on June 17, 2020, but he did not seek relief from the Court's detention order until August 31, 2020—after the fourteen-day period to object had passed. Consequently, he "waived his right to have [it] reviewed by the Court" as a matter of right. *Bishop*, 2020 WL 3442058, at \*2. And the Court should not exercise its discretion to revoke or amend the detention order.

King argues that he should be released because conditions have changed since his detention hearing. *See* Mot. 1. Specifically, "the coronavirus pandemic has spread." *Id.* King himself tested positive for the virus after being placed in a cell with an infected inmate. *Id.;* Add. But King fails to offer anything other than generalized concerns about the coronavirus. He does not provide any information

about his condition or describe the symptoms—if any—he is experiencing as a result of his infection. Nor does he argue that he suffers from any condition that places him at a higher risk from complications or death from the coronavirus.

The pandemic has been raging in the United States for almost nine months. Unfortunately, King has now contracted it. But there is no evidence before the Court that King is suffering serious complications from his infection. And his generic concerns about the virus do not warrant relief. *Bishop*, 2020 WL 3442058, at *3 (denying defendant's request for pretrial release because generalized concerns about the pandemic did not support reopening the issue of his detention); *United States v. Munguia*, 2020 WL 1471741 (N.D. Tex. Mar. 26, 2020) (same).

The only other evidence before the Court is the same evidence that was before the magistrate judge at the detention hearing. That evidence showed that King is not likely to flee because he has some ties to the community and he had hernia surgery prior to his arrest. He also is willing to submit to electronic location monitoring. But this evidence does not diminish the totality of the evidence that clearly and convincingly establishes that there are no conditions or combination of conditions that would reasonably assure the safety of the community if King were released. There is evidence that that King is drug user and also sells drugs. Indeed, the charged offense—attempted enticement of a minor—is alleged to have occurred when King was on bond for a state drug felony. And when he was arrested for the charged offense, he was in possession of methamphetamine and evidence on his phone revealed that he had attempted to broker drug transactions for his family

members. Selling drugs, particularly methamphetamine, poses an inherent risk to the community. An electronic leg monitor would not prevent King from dealing drugs out of his house. And his family members are not suitable third-party custodians because there is evidence that they may be involved in illegal drug activity with King. The Court should thus find there are no conditions or combination of conditions of release that could be set which would reasonably assure the safety of the community and other persons if King were released—especially because King previously ignored and failed to comply with conditions of release by engaging in criminal conduct while on bond.

## Conclusion

The Court should DENY the Motion to Reconsider Detention (ECF No. 16).

SO ORDERED.

DATED: October 16, 2020

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE